CAROL SCARVEY, Plaintiff-Appellant, and CHARLOTTE T. and CHARLES E. CURRY, Intervenor-Appellants v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHARLOTTE, Defendant-Appellee and Third-Party Plaintiff v. FAIRFIELD COMMUNITIES, INC., Third-Party Defendant

No. COA00-806

(Filed 4 September 2001)

## 1. Appeal and Error— notice of appeal—timeliness—Rule 59 motion

Defendant's motion in the Court of Appeals to dismiss an appeal as untimely was denied where the notice of appeal was given within 30 days of the trial court's denial of a "Motion to Alter or Amend Judgment." Although defendant asserts that appellants improperly argued errors of law, so that this was not a N.C.G.S. § 1A-1, Rule 59(e) motion and did not qualify for added time under N.C. R. App. P. 3(c)(3), an argument that the trial court committed errors of law is expressly permitted under Rule 59.

**2. Appeal and Error— review of collateral estoppel conclusion—prior orders not before Court of Appeals—not affected**

The Court of Appeals granted a motion to dismiss assignments of error relating to a 15 September 1995 denial of motions to intervene and for class certification where the notice of appeal was from a later order and made no reference to the 15 September 1995 order. Appellants asserted the later trial court "adopted and incorporated" the 15 September orders when it held the subsequent claims to be collaterally estopped and that appeal of the subsequent order was essentially the same as appeal of the 15 September 1995 orders, but the 15 September orders were not before the Court of Appeals and would not be affected by review of the trial court's holding of collateral estoppel.

**3. Collateral Estoppel and Res Judicata— class action certification—new evidence**

The trial court did not err by holding that plaintiff was collaterally estopped from seeking class certification by a prior denial of certification where appellants asserted that there was additional evidence, but there was no legal or factual change in the common issues underlying both cases. The proper method for raising newly discovered evidence is through N.C.G.S. § 1A-1, Rule 60.

**4. Statute of Limitations— tolling—claims raised in class action—interlocutory appeal from denial of certification**

Plaintiff Scarvey's cause of action was not barred by the statute of limitations where another party filed a class action complaint covering the same claim, class certification was denied, and there was an interlocutory appeal. The statutes of limitations on claims raised in a class action complaint are tolled as to all putative members of the class from the filing of the complaint until a denial of class action certification by the trial court. If an interlocutory appeal is taken from the denial of certification, tolling continues during the pendency of the appeal. Tolling ends at the trial court's denial of certification if an interlocutory appeal is not taken, regardless of whether the denial of certification is subsequently appealed at the conclusion of the action.

Appeal by plaintiff and intervenors from orders dated 23 February 2000 and 12 April 2000 by Judge Ben F. Tennille in Superior

SCARVEY v. FIRST FED. SAVINGS & LOAN ASS'N

[146 N.C. App. 33 (2001)]

Court, Mecklenburg County. Heard in the Court of Appeals 21 May 2001.

*Moore & Brown, by Beverly C. Moore, Jr. and B. Ervin Brown II, for plaintiff-appellant and intervenor-appellants.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Mack Sperling, for defendant-appellee.*

McGEE, Judge.

This case concerns efforts by plaintiff Carol Scarvey (Scarvey) and intervenors Charlotte T. and Charles E. Curry (the Currys) (collectively, appellants) to recover money allegedly owed them by First Federal Savings and Loan Association of Charlotte (defendant) following appellants' purchases of unimproved lots through installment sales contracts and appellants' subsequent defaults on their payments to defendant. Third-party defendant Fairfield Communities, Inc. is not a party to this appeal.

The Currys filed a class action complaint against defendant on 10 December 1993, alleging breach of contract, breach of fiduciary duty, and unfair and deceptive trade practices. In an order dated 6 July 1994, the Currys' claims for breach of contract and breach of fiduciary duty were dismissed as barred by the relevant statutes of limitations. Scarvey moved to intervene on 10 March 1995 and included a complaint in intervention alleging the same claims the Currys had alleged. Judge Robert P. Johnston denied both Scarvey's motion to intervene and the Currys' motion for class certification on 15 September 1995. Scarvey and the Currys appealed the orders to our Court, but their appeal was dismissed for failure to properly perfect the appeal. *See Curry v. First Federal Savings and Loan Assn.*, 125 N.C. App. 108, 479 S.E.2d 286, *disc. review denied*, 346 N.C. 278, 487 S.E.2d 544 (1997).

Scarvey then filed the class action complaint in the present case on 7 January 1998, alleging the same claims against defendant that the Currys had previously alleged. The Currys took a voluntary dismissal of their remaining individual claim of unfair and deceptive trade practices against defendant on 16 April 1998, and filed a motion to intervene and complaint in intervention in the present case on 14 December 1998. In an order dated 23 February 2000, the trial court dismissed Scarvey's claims against defendant as barred by the relevant statutes of limitations and by the doctrine of collateral estoppel, and the trial court dismissed the Currys' motion to intervene as moot.

Following a "Motion to Alter or Amend Judgment" filed by appellants, the trial court amended its 23 February 2000 order to include the Currys as proposed intervenors, but the trial court otherwise denied the motion in an order dated 12 April 2000. Appellants filed a notice of appeal on 3 May 2000 of the 23 February 2000 and 12 April 2000 orders.

I.

We first address defendant's two motions to dismiss the present appeal.

A.

[1] In its first motion to dismiss, defendant asserts that appellants' notice of appeal was untimely. Under N.C.R. App. P. 3(c), an appeal must be taken within thirty days of the entry of the order or judgment appealed from, which appellants did not do. However, N.C.R. App. P. 3(c)(3) allows for such an appeal to be taken within thirty days of the entry of an order upon a N.C. Gen. Stat. § 1A-1, Rule 59(e) motion to alter or amend a judgment. Defendant asserts that appellants' "Motion to Alter or Amend Judgment" does not qualify as a Rule 59 motion, and therefore the added time to appeal provided under N.C.R. App. P. 3(c)(3) was not available. *See, e.g., Smith v. Johnson*, 125 N.C. App. 603, 607, 481 S.E.2d 415, 417, *disc. review denied*, 346 N.C. 283, 487 S.E.2d 554 (1997) ("Because the motion is not a Rule 59 motion, the time to file an appeal from the . . . order was not tolled. Therefore, defendants' . . . notice of appeal from the order was not timely and must be dismissed.").

In particular, defendant asserts that appellants improperly argued errors of law in their motion. However, while it may be true that a Rule 59 motion "cannot be used as a means to reargue matters already argued or to put forth arguments which were not made but could have been made" before the trial court, *id.* at 606, 481 S.E.2d at 417 (citation omitted), N.C.G.S. § 1A-1, Rule 59(a)(8) (1999) specifically permits such a motion to raise an error of law by the trial court. "The appropriate remedy for errors of law committed by the court is either appeal or a timely motion for relief under N.C.G.S. Sec. 1A-1, Rule 59(a)(8)[.]" *Hagwood v. Odom*, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1988). Defendant does not assert in its motion to dismiss that appellants made new arguments before the trial court, but only that appellants argued the trial court committed errors of law. Because such argument is expressly permitted under Rule 59, we find

no reason that the tolling provision of N.C.R. App. P. 3(c) should not apply to appellants' notice of appeal.

We hold that appellants' "Motion to Alter or Amend Judgment" was a valid Rule 59 motion and that appellants were entitled to file their notice of appeal within thirty days of the denial of that motion under N.C.R. App. P. 3(c)(3). Because appellants filed their notice of appeal within that time, we deny defendant's first motion to dismiss the present appeal.

## B.

[2] In its second motion to dismiss, defendant seeks the dismissal of appellants' assignments of error on appeal assigning error to Judge Johnston's 15 September 1995 denials of the Currys' motion for class certification and Scarvey's motion to intervene. Because appellants' 3 May 2000 notice of appeal makes no reference in any manner to Judge Johnston's September 1995 orders, we hold that Judge Johnston's September 1995 orders are not properly before us on appeal. *See Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) ("Proper notice of appeal requires that a party 'shall designate the judgment or order from which appeal is taken . . . [.]' 'Without proper notice of appeal, this Court acquires no jurisdiction.' "). We therefore need not address whether appellants might have been entitled to a second appeal of Judge Johnston's orders had the 3 May 2000 notice of appeal referred to them.

Appellants assert that, in holding Scarvey's claims to be collaterally estopped by Judge Johnston's September 1995 denial of class certification, the trial court "adopted and incorporated" the prior class denial. Appellants reason that, insofar as the trial court denied class certification on the same grounds as did Judge Johnston, the trial court's denial is appealable, which appellants suggest "would be essentially the same as a direct appeal from Judge Johnston's class denial." However, while it is true that the trial court's holding of collateral estoppel is reviewable on appeal, that review will not affect either of Judge Johnston's September 1995 orders.

Appellants alternately contend that the Currys' voluntary dismissal of their remaining individual claim against defendant acted to nullify Judge Johnston's denials of class certification and intervention under *Tompkins v. Log Systems, Inc.*, 96 N.C. App. 333, 385 S.E.2d 545 (1989), *disc. review denied*, 326 N.C. 366, 389 S.E.2d 819 (1990). That argument, however, only supports defendant's contention that

Judge Johnston's orders are not properly before us on appeal. Because it does not aid appellants, we decline to address the argument.

We conclude that Judge Johnston's September 1995 orders are not before us on appeal, and we therefore grant defendant's second motion to dismiss appellants' first and third assignments of error, insofar as those assignments of error assign error to Judge Johnston's September 1995 orders.

## II.

We next address appellants' remaining assignments of error. As an initial matter, we note that appellants' brief has violated N.C.R. App. P. 10(c)(1) and 28(b)(5), in that appellants' assignments of error do not include references to specific pages in the record and appellants' arguments in their brief do not include specific references to particular assignments of error. Appellants' violations are highlighted by the fact that Judge Johnston's September 1995 orders, the apparent basis of appellants' first and third assignments of error, are not in the record on appeal at all, except insofar as they are reproduced in appendices to various motions filed before the trial court and included in the record on appeal.

The result is an appeal which is very difficult to follow and which includes numerous matters not properly before this Court. However, we decline to dismiss appellants' appeal in its entirety, and instead address the merits of those assignments of error that appear to be properly before us. *See* N.C.R. App. P. 2.

## A.

[3] In their second assignment of error, appellants challenge the trial court's determination that Scarvey was collaterally estopped from seeking class certification in the present case by Judge Johnston's September 1995 denial of class certification. Under the doctrine of collateral estoppel, also known as issue preclusion,

> parties and parties in privity with them—even in unrelated causes of action—are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination. "[Collateral estoppel] is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally."

SCARVEY v. FIRST FED. SAVINGS & LOAN ASS'N

[146 N.C. App. 33 (2001)]

*King v. Grindstaff*, 284 N.C. 348, 356, 200 S.E.2d 799, 805 (1973) (citations omitted) (quoting *Commissioner v. Sunnen*, 333 U.S. 591, 599, 92 L. Ed. 898, 907 (1948)). *See also, State v. Summers*, 351 N.C. 620, 528 S.E.2d 17 (2000).

On appeal, appellants do not challenge the trial court's finding that they were in privity. Instead, appellants argue that there is no identity of issues between the Currys' claims against defendant and Scarvey's claims. Although appellants acknowledge that they raised the same claims, they assert that "changed circumstances" have rendered the issues different. *See, e.g., Sunnen*, 333 U.S. at 599, 92 L. Ed. at 907. Specifically, appellants assert a change in facts.

In his 15 September 1995 order denying class certification to the Currys, Judge Johnston found that the Currys had testified through deposition that the value of their lot at the time of default was $15,000. Judge Johnston then denied class certification, concluding that individual issues predominated over common issues and further suggesting that the Currys were not adequate class representatives. Judge Johnston noted that the Currys' remaining non-time-barred claim of unfair and deceptive trade practices "also seems endangered by [the Currys'] testimony that their lot's fair market value was $15,000 at the time of default. . . . Assuming [the Currys'] own assessment is accurate, then [the Currys] may well not be entitled to any refund." In its 23 February 2000 order, the trial court in the present case held that Scarvey was estopped from seeking class certification by Judge Johnston's conclusion that individual issues predominated over common issues.

Appellants assert on appeal that the fair market value of the Currys' lot at the time of default was actually $38,000, a value they allege would have entitled the Currys to a refund. The $38,000 value comes from an appraisal of the lot obtained by appellants. It is unclear when the appraisal was performed, or whether it was presented to Judge Johnston before his 15 September 1995 order. However, appellants did inform Judge Johnston in a motion dated 8 September 1995 that the Currys' property had sold in February 1995 for $32,000, which suggested that the fair market value of the property at the time of the 1990 default lay somewhere between the $45,000 purchase price and the $32,000 sale price. Appellants contend that such evidence that the value of the Currys' lot was greater than $15,000 at the time of default constitutes "changed circumstances" preventing collateral estoppel.

We disagree. There has been no legal or factual change in the common issues underlying both the Currys' case and the present case in the time between Judge Johnston's September 1995 order and the trial court's February 2000 order. Appellants do not assert a change in facts but instead assert additional evidence about the original facts. The proper method for raising newly discovered evidence is through a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60. Moreover, the existence of appellants' 8 September 1995 motion suggests that Judge Johnston was aware of appellants' contentions of contrary evidence as to the value of the Currys' lot by the time the 15 September 1995 order was filed. If Judge Johnston was aware of such evidence, that evidence could not constitute "changed circumstances" in the period following the order.

We conclude that appellants have failed to demonstrate a difference in issues between the Currys' claims before Judge Johnston and Scarvey's claims before the trial court in the present case. Because that was the sole argument raised by appellants against the trial court's holding of collateral estoppel, we find no error in the trial court's conclusion that Scarvey is collaterally estopped from seeking class certification of her claims before the trial court in the present case.

### B.

[4] In appellants' third and fifth assignments of error, appellants assign error to the trial court's holding that Scarvey's claims were barred by the applicable statutes of limitations. We dismiss appellants' third assignment of error as not properly before us, insofar as it asserts that Scarvey's claims would have been timely had Judge Johnston allowed Scarvey's 10 March 1995 motion to intervene in the Currys' action. *See* Part I, Subpart B, *supra.*

The trial court held that Scarvey's cause of action arose on 30 January 1992. Therefore, unless tolled, the three and four year statutes of limitations on Scarvey's claims would all have run before Scarvey filed her 7 January 1998 complaint in the present case. Appellants assert, and the trial court agreed, that the statutes of limitations on Scarvey's claims should have been tolled by the filing of the Currys' class action complaint. However, appellants disagree with the trial court's conclusion that the tolling ceased when Judge Johnston denied the Currys' motion for class certification.

This Court has never considered whether the statute of limitations on a particular claim is tolled by the filing of a class action com-

plaint covering that claim. However, the issue has been addressed by federal courts under the federal class action statute and, while federal class action cases are not binding on this Court, we have held in the past that the reasoning in such cases can be instructive. *See Pitts v. American Sec. Ins. Co.*, 144 N.C. App. 1, 550 S.E.2d 179 (2001); *Hamilton v. Memorex Telex Corp.*, 118 N.C. App. 1, 16, 454 S.E.2d 278, 286, *disc. review denied*, 340 N.C. 260, 456 S.E.2d 830 & 831 (1995). This is so even though North Carolina's class action statute, N.C. Gen. Stat. § 1A-1, Rule 23, is closely patterned after Rule 23 of the Federal Rules of Civil Procedure as it existed prior to 1966, making our Rule 23 quite different from the present federal Rule 23. *See English v. Realty Corp.*, 41 N.C. App. 1, 6, 254 S.E.2d 223, 229, *disc. review denied*, 297 N.C. 609, 257 S.E.2d 217 (1979). Our Courts have recognized that "[o]ur Rule 23 should receive a liberal construction, and it should not be loaded down with arbitrary and technical restrictions[,]" *id.* at 9, 254 S.E.2d at 230, and we have accordingly expanded the rule beyond its letter as dictated by concerns for fairness. *See id.* at 8, 254 S.E.2d at 230; *Nobles v. First Carolina Communications*, 108 N.C. App. 127, 133-34, 423 S.E.2d 312, 316 (1992), *disc. review denied*, 333 N.C. 463, 427 S.E.2d 623 (1993).

The U.S. Supreme Court held in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 38 L. Ed. 2d 713 (1974), that the goals of judicial economy to be served by the representative nature of a class action lawsuit would be endangered if all potential members of a class felt required to intervene in the action lest the statutes of limitations on their own claims expire and class certification subsequently be denied. The Court therefore held that the statutes of limitations on all claims alleged in a class action should be tolled for all putative class members from the time the action was filed until such time as class certification should be denied, so that would-be class members could move to intervene in the action following the denial. *See id.* at 553, 38 L. Ed. 2d at 726. The Court subsequently clarified that the tolling of the statutes of limitations applied regardless of whether would-be class members moved to intervene following the denial or filed their own individual lawsuits. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354, 76 L. Ed. 2d 628, 636 (1983). *See also, Newberg on Class Actions* §§ 5.05, 6.03, 16.11, 16.19, 24.99 (3d ed. 1992).

However, the U.S. Supreme Court never clearly indicated whether the tolling of the statutes of limitations should end with the trial court's denial of class certification or continue until all appeals of

that denial have been exhausted. The Federal Court of Appeals for the Eleventh Circuit considered that issue in *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374 (11th Cir. 1998), *cert. denied*, 525 U.S. 1019, 142 L. Ed. 2d 453 (1998), and concluded that, under the federal Rule 23, tolling should cease with the trial court's denial of certification. The Court based its decision in part on the fact that federal appellate courts rarely grant interlocutory appeals on the issue of class certification, and concluded that continued tolling until a case reached its full conclusion and an appeal of the denial of class certification was properly taken would be unfairly burdensome upon defendants. *See also*, *Nelson v. County of Allegheny*, 60 F.3d 1010, 1013 (3d Cir. 1995), *cert. denied*, 516 U.S. 1173, 134 L. Ed. 2d 213 (1996).

The *Armstrong* Court suggested, however, that it might allow for continued tolling of a statute of limitations during the pendency of an appeal under a proposed amendment to the federal Rule 23. *Armstrong*, 138 F.3d at 1389, n.35. The amendment, enacted as Fed. R. Civ. P. 23(f) in 1998, permits a federal court of appeals to review a denial of class certification at its discretion, if such a review is requested within ten days of the entry of the denial. The federal court for the Eastern District of New York accordingly deemed the reasoning in *Armstrong* to have been superseded by the adoption of Rule 23(f) in *National Asbestos Workers Medical Fund v. Philip Morris, Inc.*, 2000 U.S. Dist. LEXIS 13910, 2000 WL 1424931 (E.D.N.Y. 2000), and held that the relevant statutes of limitations should be tolled during an appeal under the federal Rule 23(f).

North Carolina's Rule 23 does not expressly provide for immediate appeal of an order denying class certification, but our Courts have held that such an interlocutory appeal nonetheless affects a substantial right and is immediately appealable. *See Frost v. Mazda Motors of Am., Inc.*, 353 N.C. 188, 193, 540 S.E.2d 324, 327 (2000). We conclude that the reasoning in *National Asbestos* is better suited to North Carolina's class action statute than the reasoning in *Armstrong* and *Nelson*. *Cf. Nelson*, 60 F.3d at 1013 (recognizing that Pennsylvania state courts have permitted tolling through appeal but distinguishing on the basis that, unlike the federal courts, Pennsylvania courts consider the denial of class certification to be immediately appealable.).

We therefore hold that the statutes of limitations on claims raised in a class action complaint are tolled as to all putative members of the

class from the filing of the complaint until a denial of class action certification by the trial court, as per *American Pipe* and *Crown, Cork*. We further hold that, if an interlocutory appeal is taken from the denial of certification, tolling continues during the pendency of the appeal, as suggested in *National Asbestos*. On the other hand, if an interlocutory appeal is not taken, we hold that tolling ends at the trial court's denial of certification, regardless of whether the denial of certification is subsequently appealed at the conclusion of the action, for the reasons stated in *Armstrong* and *Nelson*. We feel that this rule is appropriate because, while "to permit tolling the statute of limitations until final resolution on appeal of all claims would disable the essential purpose of the statute and encourage plaintiffs to sleep on their rights[,]" *Nelson* at 1013, an immediate interlocutory appeal of a denial of certification indicates that the plaintiffs are actively pursuing their rights. To allow the statutes of limitations to run during the period of such an appeal would create the same undesirable incentives toward precautionary filing that the U.S. Supreme Court sought to eliminate in *American Pipe*.

In the present case, appellants filed a timely interlocutory appeal of Judge Johnston's denial of class certification, and Scarvey filed her complaint seven months after our Supreme Court denied discretionary review to this Court's dismissal of the appeal on technical grounds. We hold that the statutes of limitations on Scarvey's claims were tolled until our Supreme Court's denial of discretionary review. Defendant does not deny that Scarvey had at least seven months remaining on her statutes of limitations. We therefore hold that Scarvey's 7 January 1998 complaint was timely filed. We note that, having affirmed the trial court's holding of collateral estoppel on the issue of class certification, *see* Part II, Subpart A, *supra*, we have not had to address whether the tolling of statutes of limitations by a class action lawsuit would allow the subsequent filing of a second class action lawsuit.

## C.

Finally, in their fourth assignment of error, appellants assign error to the trial court's denial of the Currys' motion to intervene as moot. Because we have held that the trial court erred in dismissing Scarvey's individual claims as untimely, we remand the Currys' motion to intervene for further consideration.

We therefore affirm in part and reverse in part the trial court's 23 February 2000 order of dismissal, and remand to the trial court to

reinstate Scarvey's individual claims of breach of contract, breach of fiduciary duty, and unfair and deceptive trade practices, as well as to address the Currys' motion to intervene in Scarvey's action.

Affirmed in part, reversed in part, and remanded.

Chief Judge EAGLES and Judge SMITH concur.