C. WAYNE McDONALD v. ERVIN DWAIN SKEEN t/a DWAIN SKEEN COMMERCIAL INDUSTRIAL REAL ESTATE

No. COA01-1069

(Filed 6 August 2002)

**1. Appeal and Error— appealability—denial of summary judgment—substantial right**

　　Although an appeal from the denial of a motion for summary judgment is generally an appeal from an interlocutory order, the right to avoid the possibility of two trials on the same issues affects a substantial right and allows an immediate appeal.

**2. Collateral Estoppel and Res Judicata— collateral estoppel—issue never litigated and determined**

　　The trial court did not err in a breach of contract case by denying defendant's motion for summary judgment on the basis of collateral estoppel, because the issue of defendant's agency status was never actually litigated and determined in the prior case.

**3. Appeal and Error— preservation of issues—failure to present in motion—failure to argue at hearing**

　　Although defendant contends the trial court erred in a breach of contract action by failing to grant summary judgment based on plaintiff's alleged failure to show any damages, defendant did not preserve this issue for appeal because defendant did not present this ground in his motion to dismiss or argue it at the hearing.

　　Appeal by defendant from judgment entered 28 March 2001 by Judge Henry E. Frye, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 22 May 2002.

　　*Cunningham, Crump & Cunningham, PLLC, by James Calvin Cunningham, III, R. Flint Crump, and J. Calvin Cunningham for plaintiff-appellee.*

　　*Roberson, Haworth & Reese, PLLC, by Robert A. Brinson and Christopher C. Finan for defendant-appellant.*

　　THOMAS, Judge.

　　Defendant, Ervin Dwain Skeen t/a Dwain Skeen Commercial Industrial Real Estate, appeals an order denying his motion for sum-

mary judgment in this breach of contract case. He based that motion solely on collateral estoppel grounds. For the reasons discussed herein, we affirm.

The pertinent facts are as follows: Plaintiff, C. Wayne McDonald, was a party in an action previously before this Court where Skeen allegedly acted as an agent during the events leading to that lawsuit. *See Cap Care Group, Inc. v. McDonald*, 149 N.C. App. 817, 561 S.E.2d 578 (2002). We held a partnership existed between Cap Care and McDonald even though McDonald argued no such partnership was ever formed. In the instant case, McDonald claims Skeen breached his contract with him in that Skeen: (1) violated N.C. Gen. Stat. § 93A-6(a)(4) by acting as an agent for more than one party; (2) violated duties of loyalty and consent owed to McDonald; and (3) did not disclose that he was an agent for Cap Care.

McDonald contends Skeen fraudulently gave Cap Care confidential information that led to Cap Care's action to enforce a partnership. Skeen, according to McDonald, acted as an agent for both parties without McDonald's knowledge or permission. He also alleges Skeen violated his duty of loyalty and consent. Skeen was not a party to the previous action. That complaint and counterclaim only concerned the principals to the partnership, McDonald and Cap Care.

Here, Skeen filed a motion to dismiss and alleged: (1) absence of a justiciable case; (2) violation of the statute of limitations; (3) collateral estoppel; (4) estoppel by judgment; and (5) *res judicata*. Subsequently, Skeen moved for summary judgment, contending the *Cap Care* action conclusively established that McDonald knew about Skeen's involvement with Cap Care and that McDonald breached a partnership contract with Cap Care. Skeen presented the affidavits of many of the individuals involved in the *Cap Care* case to support his motion for summary judgment. McDonald also moved for summary judgment, although that motion is not included in the record.

The trial court denied Skeen's motion for summary judgment. He appeals.

[1] Before we consider Skeen's arguments, we note the trial court's order would not normally be immediately appealable because it would be considered interlocutory. *State ex rel. Employment Security Commission v. IATSE Local 574*, 114 N.C. App. 662, 663, 442 S.E.2d 339, 340 (1994). A ruling is interlocutory if it does not determine the issues but directs some further proceeding preliminary

to a final decree. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). However, an interlocutory order may be heard in appellate courts if it affects a substantial right. *See* N.C. Gen. Stat. § 1-277(a) (1999). In *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982), our Supreme Court stated that " 'the right to avoid the possibility of two trials on the same issues can be such a substantial right.' " Nonetheless, we find that the collateral estoppel claim has no merit.

[2] The doctrine of collateral estoppel " 'is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally.' " *Scarvey v. First Federal Savings and Loan Ass'n of Charlotte*, 146 N.C. App. 33, 38-39, 552 S.E.2d 655, 659 (2001) (quoting *King v. Grindstaff*, 284 N.C. 348, 356, 200 S.E.2d 799, 805 (1973)). In order for collateral estoppel to be applicable, certain requirements must be met. The elements of collateral estoppel, as stated by our Supreme Court, are as follows: (1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined. *Thomas M. McInnis & Associates, Inc. v. Hall*, 318 N.C. 421, 349 S.E.2d 552 (1986).

In *Cap Care*, the main issue was whether Cap Care and McDonald formed an enforceable partnership. This Court held that such a partnership agreement existed. The issue of Skeen's agency status was never actually litigated and determined in the prior case. We thus reject Skeen's argument.

[3] By his second assignment of error, Skeen contends the trial court erred in not granting summary judgment because McDonald failed to show any damages. However, Skeen did not present this ground in his motion to dismiss or argue it at the hearing, although he pled and fully argued the collateral estoppel ground. Thus, we do not consider this contention. *See* N.C.R. Civ. P. 7(b)(1); N.C.R. App. P. 10(b)(1).

AFFIRMED.

Judges WYNN and HUNTER concur.