LEVINSON, Judge.
 

 Defendants appeal from the trial court's denial of their motions for summary judgment and for dismissal. We reverse.
 

 Plaintiff (Angel Miyares) worked for the Forsyth County Health Department from 1986 to 2001. Miyares is originally from Cuba, and speaks English with a Spanish accent. In 2001, at the time of the events giving rise to this suit, he was 62 years old and had a hearing impairment. In June 2001, defendant Dr. Timothy Monroe began employment as the director of the Forsyth County Health Department. Monroe conflicted with Miyares over various work-related issues, and on 30 October 2001 Miyares filed a grievanceagainst Monroe with the Forsyth County Board of Health. Miyares alleged that Monroe harassed him and discriminated against him on the basis of his national origin, age, and disability (hearing loss). A week after filing the grievance, Miyares was informed that his position was being eliminated and that he was dismissed due to this reduction in force.
 

 On 28 December 2001 Miyares filed a petition with the Office of Administrative Hearings seeking a contested case hearing. The petition alleged that his termination was the result of discrimination based on his national origin, age, and disability (hearing loss). In April 2002 a hearing was held before an administrative law judge (ALJ), who heard testimony from sixteen witnesses and received over forty exhibits. In August 2002 the ALJ issued his decision and recommendation to the State Personnel Commission (SPC). The decision contained findings of fact and conclusions of law detailed in over fifteen pages. The ALJ concluded that Miyares had failed to meet the burden of proof regarding any of his claims of discrimination, and recommended that the SPC adopt his findings and conclusions. Following a review of the record, the SPC on 6 January 2003 issued its decision agreeing with the ALJ and advising the Forsyth County Health Department to adopt the decision of the ALJ. On 4 April 2003 a final agency decision was issued by Monroe on behalf of the Forsyth County Health Department. Miyares appealed for judicial review in superior court, in part upon the basis that Monroe could not be an impartial decision maker. Meanwhile, on 20 November 2001, before Miyares filed a request for a contested case hearing, he had filed a charge with the Equal Employment Opportunity Commission (EEOC), which also alleged discrimination based on his national origin, age, and disability. On 18 April 2002, shortly before the contested case hearing, the EEOC issued Miyares a "right to sue" letter. In July 2002, while the decision of the Forsyth County Health Department was on appeal to superior court, Miyares filed a civil suit against defendants alleging discrimination on the basis of age, national origin, and disability in violation of Title VII of the 1964 Civil Rights Act. On 12 May 2003 defendants moved for summary judgment on the grounds that the Forsyth County Health Department had issued a final agency decision on the same issues raised in Miyares' civil suit, and that his suit was barred by principles of collateral estoppel. Defendants also filed a motion for dismissal based on lack of jurisdiction, on the grounds that Miyares had failed to exhaust his administrative remedies. On 3 June 2003 Superior Court Judge Ron Spivey issued an order denying defendants' motions, from which defendants appealed.
 

 The record on appeal was filed with this Court in September 2003. On 6 February 2004 defendants' motion to supplement the record was granted. Accordingly, the record was supplemented to include documents showing the following: On 14 November 2003 Superior Court Judge L. Todd Burke ruled on plaintiff Miyares' appeal from the decision of the Forsyth County Health Department. The court held in favor of plaintiff on the issue of whether Monroewas an appropriately impartial decision maker in this case, and ordered the matter remanded to the Forsyth County Board of Health for entry of a final agency decision. On 21 January 2004 the Board of Health issued its decision. The Board of Health adopted the recommendation of the SPC, incorporating by reference its findings and conclusions.
 

 On 11 February 2004 plaintiff also moved to supplement the record, in order to establish that defendants had appealed from Judge Burke's decision before voluntarily complying with the order. Defendants responded on 23 February 2004 with a brief in opposition to plaintiff's motion to supplement the record. Defendants argued that case law establishes that appeal of an order neither vacates an order, nor prohibits a party from voluntarily complying with the order. On 24 February 2004 plaintiffs' motion was denied, and thus his proffered documents were not made a part of the record.
 

 We first address plaintiff's argument that this appeal should be dismissed as interlocutory. Defendants moved for summary judgment on the grounds that plaintiff was barred by the doctrine of collateral estoppel from bringing a civil suit against defendants. This Court has held "that the denial of a motion for summary judgment based on the defense of collateral estoppel may affect a substantial right, and that defendants' appeal, although interlocutory, is properly before us."
 
 McCallum v. North Carolina Coop. Extension Serv.,
 

 142 N.C. App. 48
 
 , 51,
 
 542 S.E.2d 227
 
 , 231,
 
 appeal dismissed, disc. review denied,
 

 353 N.C. 452
 
 ,
 
 548 S.E.2d 527
 
 (2001). We conclude that defendants' appeal is properly before us.
 

 We further conclude that plaintiff's suit is barred by principles of collateral estoppel. The doctrine of collateral estoppel "`is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally.'"
 
 Scarvey v. First Federal Savings and Loan Ass'n of Charlotte,
 

 146 N.C. App. 33
 
 , 38-39,
 
 552 S.E.2d 655
 
 , 659 (2001) (quoting
 
 King v. Grindstaff,
 

 284 N.C. 348
 
 , 356,
 
 200 S.E.2d 799
 
 , 805 (1973)).
 

 In order for collateral estoppel to be applicable, certain requirements must be met. The elements of collateral estoppel, as stated by our Supreme Court, are as follows: (1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined.
 

 McDonald v. Skeen,
 

 152 N.C. App. 228
 
 , 230,
 
 567 S.E.2d 209
 
 , 211,
 
 disc. review denied,
 

 356 N.C. 437
 
 ,
 
 571 S.E.2d 221
 
 -22 (2002) (citation omitted).
 

 Moreover, "collateral estoppel can serve as the basis for summary judgment."
 
 Bradley v. Hidden Valley Transp., Inc.,
 

 148 N.C. App. 163
 
 , 166,
 
 557 S.E.2d 610
 
 , 613 (2001),
 
 aff'd mem.,
 

 355 N.C. 485
 
 ,
 
 562 S.E.2d 422
 
 (2002) (citation and internal quotation marks omitted). "Collateral estoppel precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in anearlier proceeding."
 

 Id.
 

 (emphasis added) (citation and internal quotation marks omitted).
 

 In the instant case, plaintiff filed for a contested case hearing, alleging discrimination based on his national origin, age, and disability. A full hearing was held before an ALJ at which plaintiff presented witness testimony and documentary evidence. The ALJ's determination, that plaintiff had failed to meet his burden of proof to show by a preponderance of the evidence that he was the victim of discrimination, was confirmed by the SPC and by the Forsyth County Board of Health, which issued a final agency decision agreeing with the ALJ and adopting his findings of fact and conclusions of law. Plaintiff's civil suit was brought against the same parties - the Forsyth County Health Department and Dr. Monroe - and raises the same allegations of discrimination based on his national origin, age, and disability. Plaintiff does not argue that the claims and parties are different, or that new issues are presented. Nor does he dispute that these issues were actually litigated before the ALJ, and were essential to its decision. Plaintiff instead argues that, because he has appealed the agency decision, it is not a final judgment and may not be given collateral estoppel effect. We disagree.
 

 "`When a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed.'"
 
 State v. Summers,
 

 351 N.C. 620
 
 , 623,
 
 528 S.E.2d 17
 
 , 20 (2000) (quoting
 
 King,
 

 284 N.C. at 355
 
 ,
 
 200 S.E.2d at 805
 
 ). Plaintiff cites no authority for the proposition that collateral estoppel is inapplicable to a judgment during the pendency of an appeal, and we find none.
 

 For the reasons discussed above, we conclude that the trial court erred by denying defendants' motion for summary judgment. As we have concluded that summary judgment is proper on the basis of collateral estoppel, we do not need to address defendants' other argument concerning failure to exhaust administrative remedies. Accordingly, the trial court's order denying defendants' motion for summary judgment is
 

 Reversed.
 

 Judges WYNN and CALABRIA concur.
 

 Report per Rule 30(e).