JAMES RIVER EQUIPMENT, INC., Plaintiff v. MECKLENBURG UTILITIES, INC., ORANGE COUNTY BOARD OF EDUCATION and JEFFREY W. THARPE, as Trustee after termination of Tharpe's Excavating, Inc. Defendants

No. COA05-622

(Filed 5 September 2006)

**1. Collateral Estoppel and Res Judicata— claims as an assignee not barred**

The trial court erred by dismissing plaintiff's claims including express contract rights (against defendant Board of Education), lien on funds, quantum meruit, breach of statutory duties and contract, and violation of equal protection and due process rights based on the doctrines of collateral estoppel and res judicata, because defendant Tharpe's Excavating was a codefendant with defendant Mecklenburg Utilities and defendant Board of Education in a prior case, and plaintiff's claims in this case against defendants Mecklenburg Utilities and Board of Education are as an assignee of Tharpe's Excavating.

**2. Construction Claims— statutory duty—payment bond for life of project**

The trial court did not err by dismissing under N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiff's claim that defendant Board of Education violated its statutory duty to require a payment bond for the life of the project under N.C.G.S. § 44A-26, but erred regarding defendant Mecklenburg Utilities for the reasons discussed in *James River I.*

**3. Liens— funds—motion to dismiss—sufficiency of evidence**

The trial court did not err by dismissing plaintiff's claims that defendant Tharpe's Excavating had a lien on funds held by defendant Board of Education, but erred by dismissing claims as to defendant Mecklenburg Utilities for the reasons discussed in *James River I.*

**4. Quantum Meruit— no express and implied contract for same thing existing at same time**

The trial court did not err by dismissing its claims against defendants Board of Education and Mecklenburg Utilities based on quantum meruit, because: (1) there is no civil remedy available against defendant Board of Education; and (2) regarding defendant Mecklenburg Utilities, there cannot be an express and an implied contract for the same thing existing at the same time.

**5. Contracts— breach of express contract—failure to show express contract**

The trial court did not err by dismissing plaintiff's first claim for breach of express contract against defendant Board of Education pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6), because: (1) all cases cited by plaintiff in support of its argument involved an express contract between the parties; and (2) in the instant case plaintiff alleges the existence of a contract between defendants Board of Education and Mecklenburg Utilities for the pregrading package, but alleges no contract between defendants Board of Education and Tharpe's Excavating.

**6. Constitutional Law— due process—equal protection— amended complaint—motion to dismiss—sufficiency of evidence**

The trial court did not err by dismissing plaintiff's due process and equal protection claims against defendant Board of Education including counts VI-VIII of its amended complaint, because: (1) plaintiff failed to cite authority in support of its argument and thus abandoned this assignment of error under N.C. R. App. P. 28(b)(6); (2) although defendant did not specifically mention these claims in its motions to dismiss, it had moved to dismiss plaintiff's original and first amended complaints in their entirety for failure to state a claim upon which relief can be granted under N.C.G.S. § 1A-1, Rule 12(b)(6); and (3) at the time of the hearing on these motions, plaintiff had a pending motion to amend their amended complaint, to add counts VI-VIII, and the trial court allowed the amendment and proceeded to hear arguments to dismiss these claims.

Appeal by plaintiff from order entered 24 March 2005 by Judge John R. Jolly, Jr., in the Superior Court in Orange County. Heard in the Court of Appeals 1 December 2005.

*Sands, Anderson, Marks & Miller, by Celie B. Richardson, Elaine R. Jordan and Dailey J. Derr, for plaintiff-appellant.*

*Safran Law Offices, by M. Anne Runheim & Carrie V. Barbee, for defendant-appellee Mecklenburg Utilities, Inc.*

*Cheshire & Parker, by D. Michael Parker, for defendant-appellee Orange County Board of Education.*

JAMES RIVER EQUIP., INC. v. MECKLENBURG UTILS., INC.

[179 N.C. App. 414 (2006)]

HUDSON, Judge.

On 30 August 2004, the trial court dismissed all of plaintiff's claims against defendant Orange County Board of Education ("the Board"), and all but one of plaintiff's claims against defendant Mecklenburg Utilities, Inc., ("Mecklenburg"), with prejudice. Plaintiff appeals. We affirm in part and reverse in part and remand.

In 2000, the Board entered a contract with Mecklenburg who was to perform grading services for construction of a new high school. Under the contract, Mecklenburg would furnish the payment bond required by state law; Mecklenburg procured a payment bond from Amwest Surety Insurance Company ("the surety"). Mecklenburg, the general contractor, sub-contracted with Tharpe's Excavating, Inc., ("Tharpe's"), with Jeffrey W. Tharpe as guarantor, for a portion of the grading work. In turn, Tharpe's rented equipment from plaintiff, James River Equipment. Tharpe's failed to pay more than $500,000 owed to plaintiff and, in April 2001, plaintiff gave notice of non-payment to the Board, Mecklenburg, and the surety. In June 2001, the surety gave notice to the Board and Mecklenburg that it was insolvent and had been placed in receivership. Mecklenburg did not furnish a replacement bond. In February 2002, Tharpe's Inc. assigned all of its claims against Mecklenburg and the Board to plaintiff.

In March 2002, plaintiff brought suit against the Board, Mecklenburg, Tharpe's and Tharpe in *James River v. Tharpe's* (*"James River I"*). The complaint in *James River I* set forth the following claims: Count I claims breach of the contract between Tharpe's and plaintiff; Count II seeks recovery from Tharpe as guarantor of plaintiff's contract with Tharpe's; Count III claims a lien on funds held by the Board and Mecklenburg at the time they learned the surety was insolvent; Count IV is a claim of *quantum meruit* against all defendants; Count V seeks an equitable lien against the Board and Mecklenburg to prevent unjust enrichment; Count VI claims breach of a contract between the Board and Mecklenburg; Count VII against the Board claims breach of warranty; and Count VIII against the Board claims negligence for failure to retain funds. Plaintiff later amended the complaint to add equal protection and due process claims against the Board. In April 2004, the trial court held a hearing on defendants' motions to dismiss in *James River I*, and dismissed all claims against Mecklenburg and the Board pursuant to Rule 12(b)(6). Plaintiff appealed and we affirmed in part, reversed in part, and remanded. *James River Equip., Inc. v. Tharpe's Excavating, Inc.,* 179 N.C. App. ——, —— S.E.2d —— (2006).

## JAMES RIVER EQUIP., INC. v. MECKLENBURG UTILS., INC.

[179 N.C. App. 414 (2006)]

On 19 February 2004, plaintiff filed the suit which is the subject of this appeal: *James River v. Mecklenburg Utilities et al ("James River II")*. In its *James River II* complaint, plaintiff, as assignee of Tharpe's, rather than in its own right, asserted claims of breach of express contract, lien on funds, *quantum meruit*, and breach of statutory duties and contract, against the Board and Mecklenburg. Plaintiff also asserted claims against the Board for violations of equal protection and due process. Upon motions to dismiss by defendants Mecklenburg and the Board, the trial court dismissed all claims against the Board, and all but plaintiff's express contract claim against Mecklenburg, which the court declined to dismiss. The trial court dismissed the claims against the Board pursuant to Rule 12(b)(6), and also on the grounds of *res judicata* and collateral estoppel, with the exception of the dismissal of the express contract claim against the Board, which the court dismissed only pursuant to Rule 12(b)(6). The trial court dismissed all but one of plaintiff's claims against Mecklenburg pursuant to *res judicata*, collateral estoppel, and Rule 12(b)(6). The trial court found that there was no reason for delay of appellate review of the dismissed claims and certified the case for appeal pursuant to Rule 54(b). For the reasons stated in our decision in *James River I*, we conclude that we must review this appeal on the merits.

[1] First we address the trial court's dismissal of claims pursuant to the doctrines of collateral estoppel and *res judicata*. We conclude that to the extent that the trial court dismissed plaintiff's claims on these grounds, its order was erroneous. Generally, *"res judicata* precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction." *Northwestern Financial Group Inc. v. County of Gaston*, 110 N.C. App. 531, 536, 430 S.E.2d 689, 692-93, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 337 (1993). However,

> [T]he general rule, as gathered by the decisions and the text writers, is this: A judgment does not conclude parties to the action who are not adversaries and who do not have opportunity to litigate their differences *inter se* . . . . The theory of the many decisions supporting the general rule is that the judgment merely adjudicates the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the defendants among themselves.

*Gunter v. Winders*, 253 N.C. 782, 786, 117 S.E.2d 787, 790 (1961) (internal citation and quotation marks omitted). Here, Tharpe's was not an adverse party to Mecklenburg and the Board in *James River I*, but was a co-defendant along with Mecklenburg and the Board. In that suit, James River asserted its claims based on its own contract with Tharpe's for equipment rental. Here, plaintiff asserts Tharpes' claims against Mecklenburg and the Board, based on Tharpes' contract with Mecklenburg. Thus, we conclude that plaintiff's claims, as assignee of Tharpe's, are not barred by *res judicata*. Similarly, the doctrine of collateral estoppel "is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally." *Scarvey v. First Federal Savings and Loan Ass'n of Charlotte*, 146 N.C. App. 33, 38, 552 S.E.2d 655, 659 (2001). The elements of collateral estoppel are: "(1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined." *McDonald v. Skeen*, 152 N.C. App. 228, 229, 567 S.E.2d 209, 211 (2002). For the reasons discussed above, we conclude that collateral estoppel does not bar plaintiff's claims as assignee of Tharpe's.

[2] As we conclude that the trial court erroneously dismissed plaintiff's claims pursuant to *res judicata* and collateral estoppel, we now address the trial court's dismissal of these claims pursuant to Rule 12(b)(6). We review the trial court's grant of a 12(b)(6) motion to dismiss *de novo*. *Grant Constr. Co. v. McRae*, 146 N.C. App. 370, 373, 553 S.E.2d 89, 91 (2001). "The question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Id.* (internal citation omitted). In reviewing a 12(b)(6) dismissal, we are only concerned with the adequacy of the pleadings, *see, e.g., Henry v. Deen*, 310 N.C. 75, 86, 310 S.E.2d 326, 334 (1983), which we must construe liberally. *Governor's Club Inc. v. Governors Club Ltd. P'ship*, 152 N.C. App. 240, 246, 567 S.E.2d 781, 786 (2002), *aff'd*, 357 N.C. 46, 577 S.E.2d 620 (2003).

Plaintiff argues that the trial court erred in dismissing its claim that defendants violated their statutory duty to require a payment bond for the life of the project under N.C. Gen. Stat. § 44A-26 (2001). Here, plaintiff asserts claims as assignee of Tharpe's, who was also a subcontractor under N.C. Gen. Stat. § 44A-26. For the reasons discussed in *James River I*, we affirm the trial court's dismissal of

this claim as to defendant Board and we reverse as to defendant Mecklenburg.

[3] Plaintiff also asserts that the trial court erroneously dismissed its claims that Tharpe's had a lien on funds held by the Board and Mecklenburg. For the reasons discussed in *James River I*, we affirm the trial court's dismissal of this claim as to the Board, but reverse as to Mecklenburg.

[4] Next, we address plaintiff's argument that the trial court erred in dismissing its claims against the Board and Mecklenburg based in *quantum meruit*. As discussed in *James River I*, we conclude that there is no civil remedy available against the Board. Regarding Mecklenburg, we note that "[t]here cannot be an express and an implied contract for the same thing existing at the same time." *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713, 124 S.E.2d 905, 908 (1962). "It is only when parties do not expressly agree that the law interposes and raises a promise." *Id.* Here, the plaintiff's own complaint alleges that there was an express contract between Tharpe's and Mecklenburg, but the allegations of the claim in *quantum meruit* are asserted "in the alternative to" the express contract claim. It is well-established that "[l]iberal pleading rules permit pleading in the alternative," and that theories may be pursued in the complaint even if plaintiff may not ultimately be able to prevail on both. *Catoe v. Helms Const. & Concrete Co.*, 91 N.C. App. 492, 498, 372 S.E.2d 331, 335 (1998); *Concrete Serv. Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 684, 340 S.E.2d 755, 759 (1986) ("There is no requirement that all claims be legally consistent"); N.C. Gen. Stat. § 1A-1, Rule 8(e)(2) (2003). We conclude that the trial court erred in dismissing plaintiff's claims in *quantum meruit*.

[5] Plaintiff also argues that the trial court erroneously dismissed its first claim for breach of express contract against the Board pursuant to Rule 12(b)(6). The court denied the motion to dismiss the express contract claims against Mecklenburg. In its amended complaint, plaintiff entitled Count I as "Breach of Express Contract," but in its brief, plaintiff argues this assignment of error as breach of an implied warranty. Plaintiff contends that the Board breached an implied warranty to provide adequate plans and specifications to Tharpe's by misrepresenting the rock, undercut and topsoil involved in the pregrading project. However, all cases cited by plaintiff in support of this argument involved an express contract between the parties. Here, plaintiff alleges the existence of a contract between the Board and

IN RE A.P.

[179 N.C. App. 420 (2006)]

Mecklenburg for the pregrading package, but alleges no contract between the Board and Tharpe's. We conclude that the trial court did not err in dismissing this claim.

[6] In its final argument, plaintiff contends that the trial court erred in dismissing its due process and equal protection claims against the Board, counts VI-VIII of its amended complaint. Plaintiff argues that the trial court erroneously dismissed these counts, because the Board did not move to dismiss these claims. We first note that plaintiff has cited no authority in support of its argument, and thus has abandoned this assignment of error. N.C. R. App. P. 28(b)(6). Furthermore, although defendant did not specifically mention these claims in its motions to dismiss, it had moved to dismiss plaintiff's original and first amended complaints in their entirety for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). At the time of the hearing on these motions, plaintiff had a pending motion to amend their amended complaint, to add counts VI-VIII, and the trial court allowed the amendment and proceeded to hear arguments to dismiss these claims. We overrule this assignment of error.

Affirmed in part; reversed in part and remanded.

Judges LEVINSON and JACKSON concur.